UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KANONIE HALL, | ) | CASE NO. 1:13 CV 1790 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND PARKING | ) | AND ORDER |
| VIOLATIONS BUREAU, | ) | |
| | ) | |
| Defendant. | ) | |

On August 15, 2013, plaintiff *pro se* Kanonie Hall filed this *in forma pauperis* action against the City of Cleveland Parking Violations Bureau. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The statement of claim portion of the complaint states in its entirety as follows:

> I am filing against the City of Cleveland for setting up surveillance cameras in the inner city which propagates the media and contributes to the delinquency of poverty by inducing fines and astronomical amounts of tickets to tax paying citizens. I have been the victim of camera tickets and have had my license blocked and suspended due to nonpayment. It violates the fifth amendment of our Constitution. I request damages in the amount of $10,000.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,*
(continued...)

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

While plaintiff cites the Fifth Amendment, he attaches a summary of the *Fourth* Amendment from the website *Wikipedia* to his complaint. The court therefore infers he seeks to set forth a claim that the public cameras referenced in the complaint constitute an unconstitutional search.

Fourth Amendment protections depend on whether one has a "constitutionally protected reasonable expectation of privacy." *Katz v. United States*, 389 U.S. 347, 360 (1967)(Harlan, J., concurring). There must be "an actual (subjective) expectation of privacy" and that "expectation [must] be one that society is prepared to recognize as 'reasonable.'" *Id.* at 361. Activities exposed to the plain view of outsiders are not protected because no intention to keep such activities to oneself is exhibited. *Id.*

There is not a legitimate expectation of privacy for activities conducted out of doors, except in the area immediately surrounding the home. *Oliver v. United States*, 466 U.S. 170, 178 (1984). Open areas do not provide the setting for those intimate activities that the Fourth Amendment is intended to shelter from government interference or surveillance. *Id.* at 179. Only the curtilage

---

(...continued)
507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

warrants Fourth Amendment protections that attach to the home. *Id.* at 180.

There is no indication that the cameras in question were used in a manner that invaded plaintiff's privacy rights as protected by the Fourth Amendment. Thus, even construing the complaint liberally, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 16, 2014          *s/          James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE